# IN THE COURT OF APPEALS OF IOWA

No. 13-0927
Filed August 27, 2014

**STEWART SCHUMAN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Story County, Dale E. Ruigh, Judge.

Stuart Schuman appeals from the trial court's denial of his application for postconviction relief. **AFFIRMED.**

Kimberly Voss-Orr of Law Offices of Kimberly A. Voss-Orr, Ames, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Stephen Holmes, County Attorney, and Mary Howell Sirna and Timothy Meals, Assistant County Attorneys, for appellee State.

Considered by Doyle, P.J., McDonald, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

Stuart Schuman appeals from the trial court's denial of his application for postconviction relief.

## I. Background Facts and Proceedings

Stuart Schuman was originally charged with sexual abuse in the second degree, a class "B" felony, based on allegations that he had anally raped his five-year-old nephew. The matter proceeded to a jury trial, but a mistrial was granted when a witness testified to inadmissible and prejudicial evidence. A second jury was impaneled, but before the trial proceeded further Schuman agreed to waive the jury. In exchange, the State reduced the charge from a class "B" felony to sexual abuse in the third degree, a class "C" felony. Schuman was convicted of the amended charge and subsequently was sentenced to a ten-year term. Schuman appealed, but the appeal was unsuccessful and procedendo was issued on March 12, 2007. The State filed an application to have Schuman civilly committed as a sexually violent predator in 2011. After a jury trial the State's application was granted, and Schuman remains civilly committed.

Schuman maintains he gave up his right to a jury trial in exchange for a reduction of a possible sentence from twenty-five years to ten years. He filed the application for postconviction relief on August 6, 2012, alleging he was never advised of the possibility of a civil commitment as a sexual predator and that therefore, he received ineffective assistance of counsel. Schuman asserts that if he had known of the possibility of a civil commitment, he would not have waived a trial by jury.

## II. Standard of Review

Postconviction relief proceedings are generally reviewed for errors of law, but applications for postconviction relief that allege ineffective assistance of counsel raise a constitutional issue and are reviewed de novo. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

## III. Error Preservation

The ordinary rules of error preservation do not usually apply to claims of ineffective assistance of counsel. *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010).

## IV. Discussion

Iowa Code section 822.3 (2011) provides that all applications for postconviction relief, except those challenging disciplinary proceedings, "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." A further exception exists if the claim contains "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. Not only did the possibility of a civil commitment as a sexual predator exist at the time of Schuman's trial and sentencing, but both his counsel and the sentencing court advised Schuman of the possibility, if not probability, he would be committed as a sexual predator. No new "ground of fact or law" which would void the three-year statute of limitations has been alleged. Schuman's application for postconviction relief is barred by the three-year statute of limitations.

Even if Schuman's application was not barred by the three-year statute of limitations, it is without merit. For an ineffective-assistance-of-counsel claim in a

postconviction proceeding to succeed, the applicant must prove by a preponderance of the evidence that counsel failed to perform an essential duty and prejudice resulted. *Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010). Schuman claims counsel failed to inform him of the possibility that he might be civilly committed as a sexually violent predator. The postconviction relief court found by a preponderance of the evidence, as do we, that counsel did advise him that the State would attempt to commit him as a sexually violent predator. Counsel only questioned whether Schuman's out-of-state criminal records would satisfy the required qualifying offenses.

Finally, trial counsel does not have a duty to advise his client of consequences which are collateral and not the direct result of a plea or conviction. *Saadiq v. State*, 387 N.W.2d 315, 326 (Iowa 1986). A consequence is direct as opposed to collateral when it is definite, immediate, and largely automatic. *State v. Carney*, 584 N.W.2d 907, 908 (Iowa 1998). A civil commitment as a sexually violent predator is not an automatic or direct result of a conviction or guilty plea to third-degree sexual assault. Iowa Code chapter 229A sets out a series of conditions or procedures which must take place, finally resulting in a jury trial independent of the criminal conviction before the civil commitment can be ordered.

**AFFIRMED.**