# IN THE COURT OF APPEALS OF IOWA

No. 13-0022
Filed March 26, 2014

**JAMES DAVID SOURWINE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Des Moines County, Thomas G.
Reidel, Judge.

James David Sourwine appeals the denial of his application for
postconviction relief. **AFFIRMED.**

Curtis Dial of the Law Office of Curtis Dial, Keokuk, for appellant.

Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney
General, Patrick C. Jackson, County Attorney, and Amy Beavers, Assistant
County Attorney, for appellee State.

Considered by Doyle, P.J., Bower, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

James David Sourwine appeals the denial of his application for postconviction relief (PCR). He contends his trial counsel was ineffective in several regards. He also contends the prosecutor engaged in misconduct. We conclude Sourwine has failed to establish his claims. Accordingly, we affirm.

**I. Backgrounds Facts and Proceedings.**

On April 28, 2006, two men entered the Style By Design salon in Burlington and demanded money. One of the men, who wore a mask and latex gloves, brandished a gun. The salon owner retrieved $153 from the cash register and handed it to the men at gunpoint. They fled the salon and left the scene in a red or maroon car.

Travis Neff was driving home at the time of the robbery when two men ran in front of his vehicle before getting into a maroon Buick. Neff recognized them as Sourwine and Steven Lovell, two men he had known for several years. He reported what he had seen to Crime Stoppers. Lovell admitted to police that he was involved in the robbery and identified Sourwine as his accomplice.

During their investigation, police found a mask and a pair of rubber gloves two blocks from the salon. Testing revealed DNA on both the mask and gloves matched Sourwine's profile. The probability of an unrelated person having the same DNA profile was less than one in one billion.

Sourwine was tried before a jury and convicted of first-degree burglary. His conviction was affirmed on direct appeal. *State v. Sourwin*, No. 06-2019, 2007 WL 4197301, at *3 (Iowa Ct. App. 2007). This court preserved Sourwine's claims of ineffective assistance of counsel for possible PCR proceedings. *Id.*

On July 23, 2009, Sourwine filed a pro se application for PCR. An amended application was filed June 3, 2012. A second amended application was filed July 18, 2012. On December 28, 2012, following a trial, the district court entered its order denying the application. Sourwine appeals.

## II. Scope of Review.

We review the denial of an application for PCR for correction of errors at law. *Lowery v. State*, 822 N.W.2d 739, 741 (Iowa 2012). But where an applicant asserts a constitutional claim as the basis for PCR, our review is de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

## III. Ineffective Assistance of Counsel.

To succeed on a claim of ineffective assistance of counsel, a defendant must establish by a preponderance of the evidence counsel breached a duty and prejudice resulted. *State v. Brothern*, 823 N.W.2d 187, 192 (Iowa 2013). A breach of duty occurs where an attorney's performance falls below the standard of a "reasonably competent attorney." *Id.* Prejudice is shown if there is a reasonably probability that the result of the proceeding would have been different if counsel had performed competently. *Id.* To demonstrate prejudice for ineffective-assistance purposes, Sourwine must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). We note the overwhelming evidence of Sourwine's involvement in the crime as we start our analysis.

Sourwine first asserts his trial counsel was ineffective in failing to impeach Neff with his simple misdemeanor conviction of making a false report.

Sourwine's trial counsel erroneously believed this conviction was inadmissible, establishing the first prong of the ineffective-assistance test. However, Sourwine is unable to show he was prejudiced by counsel's breach given the circumstances under which the false report was made (arising from a dispute with a girlfriend), the relative severity of the crime (a simple misdemeanor with a small fine), and the evidence to corroborate Neff's testimony with respect to the present case. Therefore, his claim fails.

Sourwine next argues trial counsel was ineffective in failing to file a motion in limine or object to Neff's testimony regarding his criminal background. His argument centers on a conversation Neff had with his cousin after seeing Sourwine and Lovell run past. Specifically, Neff testified: "We were wondering if they robbed somebody or what was going on, because we know that— . . . We know that they'd been at some things like that before, or I don't know exactly?" Although counsel was unable to recall specifically why he failed to object to this testimony, he indicated he believes that objecting can accentuate certain testimony. Because counsel's choice was reasonable trial strategy, *see Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010), trial counsel did not breach an essential duty. Counsel's failure to file a motion in limine did not rise to the level of a breach of duty because the record does not disclose Neff made any mention of knowing about Sourwine's criminal history before testifying at trial. We further conclude any breach was not prejudicial given the vague, hedged nature of Neff's statement and the overall evidence of Sourwine's guilt. Sourwine has not proved counsel was ineffective.

We then turn to Sourwine's claim counsel was ineffective for failing to investigate a State witness's criminal history and use the information to impeach her testimony. Amanda Carruthers testified Sourwine asked her to lie regarding his whereabouts at the time of the robbery. Carruthers appeared in court in prison garb and admitted she was serving a prison sentence on a second-degree theft conviction. Carruthers, who also has four simple misdemeanor theft convictions, was then asked whether she has been convicted of "any other felony or theft crime" and answered, "No." We concur with the district court that although this answer was inaccurate, Carruthers was asked a confusing, compound question and likely would have clarified her answer with further examination, rather than being impeached. Regardless, Sourwine is unable to show prejudice when Carruthers admitted she was serving a prison sentence on her conviction for felony theft, and his claim fails.

Finally, Sourwine claims trial and appellate counsel were ineffective in failing to argue the jury improperly considered information not presented during trial. In support of his argument, he provided a letter purportedly written by the jury foreperson. The letter opines the other jurors may have misunderstood the evidence. It is not a sworn statement and was not notarized. Nor was the juror called as a witness during the PCR trial. The trial court found the letter to be hearsay and inadmissible. We agree.

### IV. Prosecutorial Misconduct.

Sourwine also contends the prosecutor committed misconduct by allowing Carruthers to testify she had no other felony or theft convictions. Although Sourwine did not raise this claim in his PCR application, the court allowed him to

amend his application to include the claim during the PCR hearing. While the State argues error was not preserved, we will address the claim on its merits.

The PCR court determined Sourwine failed to present evidence the prosecutors had any information regarding Carruthers's prior charges. On appeal, Sourwine does not point to any evidence the prosecutor knew Carruthers had four simple misdemeanor theft convictions. Sourwine only states the prosecutor had the ability to review her criminal record. Because there is no proof of misconduct, Sourwine's claim fails. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003) ("The initial requirement for a due process claim based on prosecutorial misconduct is proof of misconduct.").

### V. Conclusion.

Because Sourwine has failed to show his trial or appellate counsel was ineffective or that the prosecutor engaged in misconduct during his trial, we affirm the denial of his application for PCR.

**AFFIRMED.**