# IN THE COURT OF APPEALS OF IOWA

No. 13-0728
Filed September 17, 2014

**ALF FREDDY CLARK,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert A. Hutchison, Judge.

Clark appeals following the denial of his application for postconviction relief. **AFFIRMED.**

Michael J. Piper of Dickey & Campbell Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Jean Pettinger, Assistant Attorney General, John P. Sarcone, County Attorney, and Daniel Voogt, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., Vogel, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Alf Freddy Clark appeals following the denial of his application for postconviction relief (PCR). He alleges he received ineffective assistance of PCR counsel. For the reasons that follow, we affirm.

Clark's convictions for attempted murder and terrorism with intent were affirmed by this court in 2002. *State v. Clark*, No. 00-1317, 2002 WL 576112, at *1 (Iowa Ct. App. Feb. 20, 2002). Clark filed this current PCR action, at least his second, in 2009—clearly outside the three-year time limit set forth in Iowa Code section 822.3 (2009). However, Clark claims he is entitled to relief based upon "a ground of fact or law that could not have been raised within the applicable time period," an exception to the time limitation. *See* Iowa Code § 822.3. Specifically, he claims newly-discovered evidence, in the form of three witness statements, exonerates him.

The PCR court denied Clark's application on three grounds: (1) Clark failed to prove the statements fall within an exception to the hearsay rule and were therefore inadmissible at the PCR hearing, (2) Clark failed to prove two of the statements could not have been discovered earlier with due diligence, and (3) Clark failed to prove the statements would have changed the result of the trial given the "overwhelming evidence of guilt against him in the record." The court deemed the third reason to be the "[m]ost important" in denying the application.

On appeal, Clark does not challenge the lower court's denial of his PCR application. Instead, he contends his PCR counsel was ineffective in failing to (1) depose or subpoena the affiants who made the statements alleged to be newly-discovered evidence and (2) present evidence of their unavailability at the

PCR trial. He seeks a remand for a new PCR trial or, in the alternative, to preserve his claim against PCR counsel.

In order to prevail on his ineffective-assistance claim, Clark must show "(1) counsel failed to perform an essential duty and (2) prejudice resulted." *Bowman v. State*, 710 N.W.2d 200, 203 (Iowa 2006). Both elements must be proved by a preponderance of the evidence. *State v. Null*, 836 N.W.2d 41, 48 (Iowa 2013). If Clark fails to prove either element, his claim must fail. *See State v. Liddell*, 672 N.W.2d 805, 809 (Iowa 2003). We review his claims de novo. *Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010).

Even assuming counsel failed to perform an essential duty, Clark cannot show prejudice. Clark makes only the general claim his attorney's failure to depose or subpoena the affiants or otherwise get the statements admitted at the hearing is proof of prejudice. This is not proof the outcome of the PCR action would have been different had the statements been admitted given the most important factor cited by the court in denying the application—Clark's failure to "prove the statements would probably have changed the result of the trial given the overwhelming evidence of his guilt." As in an earlier PCR action, Clark posits someone else was driving the vehicle when the crime occurred. In an appeal of that action, we rejected the claim because overwhelming evidence points to Clark as the driver of the vehicle. *Clark v. State*, No. 04-1331, 2006 WL 778664, at *3-4 (Iowa Ct. App. Mar. 29, 2006). It still does. Because prejudice is not shown, we affirm.

**AFFIRMED.**