**IN THE COURT OF APPEALS OF IOWA**

No. 15-0678
Filed April 27, 2016

**BRYAN KEITH TROUPE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson,
Judge.

Troupe appeals the district court's denial of his application for
postconviction relief. **AFFIRMED.**

Angela Campbell of Dickey & Campbell Law Firm, PLC, Des Moines, for
appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney
General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Bryan Troupe was arrested, tried, and convicted of first-degree robbery in connection with a 2010 robbery of a Dairy Queen in Windsor Heights. After the direct appeal of his conviction was affirmed by this court, *State v. Troupe*, No. 11-0354, 2013 WL 264324, at *3 (Iowa Ct. App. Jan. 24, 2013), Troupe filed an application for postconviction relief (PCR), contending his trial counsel was ineffective in, among other things, failing to adequately investigate the case and present a diminished-capacity defense. He appeals the district court's denial of that application.

We review ineffective-assistance-of-counsel claims de novo. *See Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010). In order to prove counsel was ineffective, Troupe must show counsel failed to perform an essential duty and that he was prejudiced as a result. *See id.* We measure counsel's performance by that of a reasonably competent practitioner and avoid second-guessing reasonable trial strategy. *See id.* To establish prejudice, Troupe must show a reasonable probability that the outcome would have been different had counsel acted competently. *See id.*

In his PCR application, Troupe alleged his trial counsel was ineffective in failing to present a diminished-capacity defense. The PCR court rejected this claim, finding Troupe failed to prove that his trial counsel breached an essential duty or that he was prejudiced by his trial counsel's failure to present a diminished-capacity defense. Specifically, the court noted that trial counsel sought the opinion of a medical expert in determining what trial strategy to pursue and that medical expert was unable to determine the viability of a

potential defense based on diminished capacity. As a result, the PCR court concluded Troupe's trial counsel was not ineffective in deciding not to pursue a diminished-capacity defense.

On appeal, Troupe contends his trial counsel was ineffective in failing to present a defense of "diminished capacity coupled with intoxication." The intoxication defense may be used to negate the element of specific intent for offenses where specific intent is required. *See* Iowa Code § 701.5 (2009); *State v. Guerrero Cordero*, 861 N.W.2d 253, 259 (Iowa 2015). First-degree robbery requires specific intent to commit a theft. *See* Iowa Code §§ 711.1, .2. Theft is defined as the taking possession or control of the property of another with the intent to deprive the other thereof. *See id.* § 714.1; *State v. Copenhaver*, 844 N.W.2d 442, 448 (Iowa 2014).

Generally, a claim must be raised and decided below before it may be decided on appeal. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). Although Troupe's PCR application raises an ineffective-assistance claim concerning trial counsel's failure to present a diminished-capacity defense, it does not articulate any claim regarding counsel's failure to present an intoxication defense. Troupe's PCR counsel did make inquiry about the availability of an intoxication defense at the PCR hearing. However, the PCR court's ruling does not explicitly address an ineffective-assistance claim relating to trial counsel's failure to pursue an intoxication defense.

Even assuming his PCR counsel raised and the PCR court considered counsel's failure to present an intoxication defense in rejecting Troupe's diminished-capacity claim, we are unable to find counsel was ineffective. Trial

counsel consulted with a psychiatrist in advance of trial in order to discern whether an intoxication defense was viable. The expert's report states that while it "seems likely [Troupe] was probably abusing heroin and methadone" around the time of the robbery and had no memory of the robbery itself, Troupe was able to recall events before and after the robbery. The expert opined "there is insufficient evidence for diminished capacity" within a reasonable degree of medical certainty. As the PCR court noted, trial counsel's decision to pursue a misidentification defense rather than an intoxication defense was reasonable trial strategy, especially in light of the lack of expert witnesses to corroborate such a defense.

Furthermore, the testimony at trial did not support an intoxication defense. Intent may be inferred from the defendant's actions and the circumstances of the transaction. *See State v. Keeton*, 710 N.W.2d 531, 534 (Iowa 2006). Here, the cashier at the Dairy Queen testified that Troupe told her three times to open the register. The third time, Troupe added, "I'm not playing," and pulled out a knife. Once the cashier gave him the money, Troupe left the store. He used the money to purchase heroin and methadone. From Troupe's actions and the circumstances of the robbery, one can infer Troupe had an intent to commit a theft. *See State v. Oetken*, 613 N.W.2d 679, 686 (Iowa 2000) ("An intent to commit theft may be inferred from an actual breaking and entering of a building which contains things of value."); *State v. Goode*, No. 13-1028, 2014 WL 3511816, at *5 (Iowa Ct. App. July 16, 2014) (concluding that even if the defendant had no intent to commit a theft at the start of an assault, intent could

be inferred once the defendant remarked, "[O]h you have no money, huh," took the victim's wallet, and continued the assault).

Troupe also contends his trial counsel was ineffective in failing to confer with him, investigate, or interview witnesses. Specifically, Troupe complains his trial counsel failed to meet with him in person at the jail, interview those who knew Troupe—including his ex-wife or doctors—to determine the validity of any intoxication or diminished-capacity defense, ask any witnesses about his mental status or level of intoxication at the time of the robbery, and provide all of his medical records to the expert.

Troupe is unable to show a breach of duty. Trial counsel testified at the PCR hearing that although she was unable to recall how many times she met with Troupe, she met with him and discussed the viability of a diminished-capacity defense and answered his questions. Counsel also investigated the viability of a diminished-capacity and intoxication defense by consulting with an expert, and it was determined a diminished-capacity defense was unavailable. Counsel testified at the PCR hearing that once the expert determined there was insufficient evidence to support a diminished-capacity defense, she believed that continuing to pursue it would push ethical boundaries.

Furthermore, for the reasons stated above, Troupe cannot show a reasonable probability the result would have been different had his trial counsel performed as he wishes. In light of the evidence of Troupe's conduct at the time of the robbery, there is no reasonable likelihood the jury would have found he was unable to form a specific intent to rob the Dairy Queen. Accordingly, counsel was not ineffective.

We affirm the denial of Troupe's PCR application.

**AFFIRMED.**