**IN THE COURT OF APPEALS OF IOWA**

No. 15-0873
Filed June 15, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**BERNARD DAVIS JR.,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Joel D. Novak, Judge.


　　　　A defendant appeals his conviction for burglary in the third degree.

**AFFIRMED.**


　　　　Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.


　　　　Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

A jury convicted Bernard Davis Jr. of burglary in the third degree. On appeal, he claims his trial counsel provided ineffective assistance by failing to challenge the State's proof he knowingly aided and abetted others in a residential break-in. Because Davis cannot show he suffered prejudice from counsel's generic motion for judgment of acquittal, we affirm his conviction.

**I.     Background Facts and Proceedings**

On the morning of November 24, 2014, neighbors noticed unusual activity at Caleb Kriegel's house on the east side of Des Moines. One neighbor saw a man "coming out from the side of the garage and looking around" and later saw a black car backed into the driveway. The activity caught her attention because she believed the homeowner had left for work. She then saw two men approach the side door of Kriegel's house. After conferring with another neighbor, they noticed the side door and a sliding glass door to Kriegel's house were open. The neighbors called the police.

When Des Moines Police Officer Chris Huffman responded to the call, he found, parked in Kriegel's driveway, a black Nissan—unoccupied, but the engine was running. The officer did not locate anyone inside the house, which had been ransacked. Several neighbors reported seeing people leave the scene. When Kriegel returned home, he told Officer Huffman he did not give anyone permission to enter the home. The police found several of Kriegel's possessions in the Nissan, including a video game system, a checkbook, a laptop, and a bag of coins.

The Nissan was registered to Marie Banegas. She told police she allowed Davis, who was her daughter's boyfriend, to borrow the car that morning. Des Moines Detective Timothy Lynch contacted Davis, who said he used the car to pick up three friends: Johnny Wright, Demetrius Patterson, and Brook Ezell Turner. According to Davis, Turner and Wright suggested they make money by "doing some kicks"—which was slang for breaking into houses. Davis drove the car and pulled into Kriegel's driveway. Davis told the detective that Patterson and Wright entered the house and Turner told Davis to stay with the car. Patterson came out of the house carrying a laptop, which he handed to Davis. After about fifteen minutes, Davis claimed to have entered the house to look for his companions, but they were "all gone." Davis said he then saw the police coming down the street and he "took off running."

The State charged Davis by trial information with burglary in the third degree, a class "D" felony, in violation of Iowa Code sections 713.1 and 713.6A(1) (2013). Following a jury trial, Davis was found guilty. He now appeals, challenging his trial attorney's performance.

## II. Standard of Review

We review ineffective-assistance-of-counsel claims de novo. *State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015). Normally we preserve these claims for postconviction proceedings, but we can resolve them on direct appeal if the record is adequate. *State v. Scalise*, 660 N.W.2d 58, 62 (Iowa 2003). The record is adequate here to resolve Davis's claim as it relates to the motion for judgment of acquittal. *See id.*

To prevail on his ineffective-assistance claim, Davis must show counsel failed to perform an essential duty and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). He must prove both elements by a preponderance of the evidence. *Id.*

## III.     Ineffective Assistance of Counsel

Davis's sole argument on appeal is that his defense attorney was remiss in not citing express grounds in his motion for judgment of acquittal. More specifically, Davis claims the State failed to prove he "knowingly aided and abetted others in a burglary." He asserts he was merely present at the scene and did not participate in the burglary. Davis is correct that a motion for judgment of acquittal does not preserve error if counsel fails to cite specific grounds. *See Scalise*, 660 N.W.2d at 62. But we do not find prejudice resulted.

To convict Davis of burglary, the State was required to prove:

> 1. On or about the 24th day of November, 2014, the defendant or someone he aided and abetted broke or entered into [Kriegel's house] in Des Moines, Polk County, Iowa.
> 2. [Kriegel's house] is an occupied structure as defined in Instruction No. 20.
> 3. The defendant or someone he aided and abetted did not have permission or authority to break or enter into [Kriegel's house].
> 4. The defendant or someone he aided and abetted did so with specific intent to commit a theft.

The court separately instructed the jury that to show aiding and abetting "the State must prove the Defendant either had such specific intent or 'aided and abetted' with the knowledge the others who directly committed the crime had such specific intent." Because the instructions offered two theories, principal

liability and aiding and abetting, the State had the burden to offer substantial evidence to support both.  *See State v. Tyler*, 873 N.W.2d 741, 753 (Iowa 2016).

The jury could have determined that Turner and Wright discussed "doing some kicks"—which Davis knew to mean they intended to commit a burglary. Davis drove the Nissan.  Turner told him not to drive away while they were inside the house.  Patterson brought a laptop out of the house and handed it to Davis. Police recovered several stolen items in the Nissan.  Davis told Detective Lynch he ducked into the house to see where his friends were and then fled after he saw the police coming.  Witnesses testified they did not see Davis in the car, though Davis he told Detective Lynch he waited there for fifteen minutes.  In closing argument, the prosecutor told the jury: "[T]here's two[] sets of facts here, and they lead to the same conclusion . . . .  [H]e either directly committed the crime by going into the house with his comrades and bringing the stuff back out to the car.  Or he was the lookout get-away driver."

Viewing the evidence in the light most favorable to the State, we find substantial evidence from which the jury could determine Davis committed burglary or aided and abetted its commission.  *See State v. Reed*, 875 N.W.2d 693, 704-05 (2016) (recapitulating substantial-evidence standard).  Given the strength of the State's evidence, Davis cannot show a reasonable probability the outcome would have been different had counsel filed a proper motion for judgment of acquittal.  *See Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010).

**AFFIRMED.**