# IN THE COURT OF APPEALS OF IOWA

No. 16-1397
Filed August 16, 2017

**JAMAAL JOSHUA LESLIE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Cerro Gordo County, DeDra L. Schroeder, Judge.

An applicant appeals the denial of his application for postconviction relief. **AFFIRMED.**

David A. Kuehner of Eggert, Erb, Mulcahy & Kuehner, P.L.L.C., Charles City, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Jamaal Leslie appeals the denial of his application for postconviction relief (PCR), claiming his PCR counsel was ineffective. Specifically, Leslie claims his PCR counsel failed to fully develop the record regarding his claim that his trial counsel was ineffective.

## I. Background Facts and Proceedings

On June 2, 2012, a jury found Leslie guilty of first-degree murder. On direct appeal, his conviction was affirmed. *See State v. Leslie*, No. 12-1335, 2014 WL 70259, at *6 (Iowa Ct. App. Jan. 9, 2014). On July 10, 2014, Leslie filed an application for PCR. Leslie later filed an amended application and added several pro se claims, including the claims that his trial counsel should have challenged statements Leslie made to the police as involuntary on constitutional grounds and unreliable as involuntary on common law grounds. Following a trial, the PCR court denied Leslie's application.

Leslie appeals.

## II. Scope and Standard of Review

We review the denial of applications postconviction relief for errors at law. *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010). "However, when the applicant asserts claims of a constitutional nature, our review is de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). Therefore, when an applicant claims counsel was ineffective, we review the claim de novo. *Id.*

## III. Ineffective Assistance of Counsel

"To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate both ineffective assistance and prejudice." *Id.* at 142. "To

establish the first prong, the applicant must demonstrate the attorney performed below the standard demanded of a reasonably competent attorney." *Id.* To show prejudice, the applicant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Leslie advances a broad argument that PCR counsel did not sufficiently challenge his trial counsel's failure to challenge statements he made to the police as involuntary on constitutional and common law grounds. However, the record reveals PCR counsel questioned trial counsel about filing a motion to suppress and the possibility of suppressing the statements. Additionally, PCR counsel discussed the voluntariness of the statements with Leslie during Leslie's testimony at the PCR trial. Leslie now claims PCR counsel should have highlighted alleged proof in the record that his statements were involuntary; yet, he failed to highlight the alleged proof in the record on appeal. Based on our review of the record, we conclude Leslie's PCR counsel did not fail to perform an essential duty.

## IV.    Conclusion

Because we conclude Leslie's PCR counsel did not fail to perform an essential duty, we reject his claim of ineffective assistance of counsel and affirm the PCR court's denial of his application for PCR.

**AFFIRMED.**