# IN THE COURT OF APPEALS OF IOWA

No. 17-0533
Filed February 7, 2018

**STATE OF IOWA,**
         Plaintiff-Appellee,

**vs.**

**THUAN DINH TRAN,**
         Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

Thuan Dinh Tran appeals from his conviction for second-degree sexual abuse. **AFFIRMED.**

Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DANILSON, Chief Judge.**

Thuan Dinh Tran was convicted following a jury trial for the sexual abuse in the second degree of a nine-year-old child. On appeal, Tran contends his trial counsel was constitutionally ineffective in failing to object to the testimony of an expert witness as indirectly vouching for the credibility of the child.

Ineffective-assistance-of-counsel claims are reviewed de novo. *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010).

To succeed on an ineffective-assistance-of-counsel claim, a defendant must show both that "(1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). "[W]e measure counsel's performance against the standard of a reasonably competent practitioner." *Id.* (citing *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001)).

> "To establish prejudice, a defendant must show the probability of a different result is 'sufficient to undermine confidence in the outcome.'" "In determining whether this standard has been met, we must consider the totality of the evidence, what factual findings would have been affected by counsel's errors, and whether the effect was pervasive or isolated and trivial." "Unlike the situation in which error has been preserved and the court presumes prejudice, in this case it is the defendant's burden to demonstrate a reasonable probability of a different result."

*Everett*, 789 N.W.2d at 158 (citations omitted).

Tran complains Dr. Barbara Harre, a physician at the Child Protection Response Center, indirectly vouched for the child's credibility when she testified: "T.T. is a lovely little girl. She was very comfortable to go back to the area with me, and we started talking." Tran asserts the comments "convey to the jury that T.T. has certain positive character traits about her that would make it highly unlikely that she would lie about what happened to her." We are not convinced

Dr. Harre's description of the child as "lovely" and "comfortable" constitute comments on the child's truthfulness and credibility. *Cf. State v. Dudley*, 856 N.W.2d 668, 677 (Iowa 2014) (concluding testimony that an alleged victim's "physical manifestations and symptoms were consistent with a child dealing with and suffering from sexual abuse trauma . . . allow[ed] the expert witness to indirectly vouch that the victim was telling the truth because the expert opines the symptoms are consistent with child abuse"); *State v. Myers*, 382 N.W.2d 91, 97-98 (Iowa 1986) (finding expert testimony relating to the truthfulness of the complaining witness "improperly suggest[ed] the complainant was telling the truth and, consequently, the defendant was guilty").

Finding no breach of duty in counsel's failure to object, Tran's ineffectiveness claim fails. *See Maxwell*, 743 N.W.2d at 195 ("Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable."). We therefore affirm the conviction.

**AFFIRMED.**