# IN THE COURT OF APPEALS OF IOWA

No. 17-0668
Filed August 1, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEFFREY URE MURDOCK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.


        Jeffrey Murdock appeals from his conviction asserting his trial counsel provided ineffective assistance. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Jeffrey Murdock appeals his conviction following his guilty plea for failure to comply with sex offender registry requirements, second or subsequent offense, in violation of Iowa Code sections 692A.104 and 692A.111 (2016). He contends his trial counsel was ineffective in allowing him to plead guilty when there was no factual basis for the plea. The State asserts the record establishes a factual basis. Because we agree the record contains a factual basis for Murdock's guilty plea, we affirm.

## I. Background Facts and Proceedings

In November 2016, the Fort Des Moines Correctional Facility notified the Des Moines Police Department that Murdock walked away from the facility on October 29, 2016. Murdock was required to register with the Iowa Sex Offender Registry following a 2003 conviction. Murdock previously failed to update his address with the registry in 2008. A warrant was issued for Murdock's arrest on November 14. On November 22, while investigating a burglary, officers made contact with and arrested Murdock.

In January 2017, the State filed a trial information that stated Murdock failed to comply with the sex offender registry, in violation of Iowa Code sections 692A.104 and 692A.111. Murdock entered into a plea agreement with the State whereby he would plead guilty to the charge and the State would follow the recommendation of the presentence investigation report, in addition to recommending the dismissal of another charge. In March 2017, Murdock entered a guilty plea before the court. During the plea colloquy, Murdock and the court engaged in the following discussion:

MURDOCK: Yes. I—well, I ran from the Fort Des Moines October 30 or October 31.

COURT: Okay. But prior to that time—. MURDOCK: But prior to that I was there and—

COURT: You'd been residing there? MURDOCK: Yeah.

COURT: And then when you ran—you say you ran on October 30 or something like that? MURDOCK: Yeah, like October 30 probably.

COURT: Okay. And you didn't then tell anybody where you had gone, right? MURDOCK: Nope. I stayed—I stayed wherever.

COURT: Okay. So the authorities did not know where you were living at that time? MURDOCK: No.

COURT: Now, you were convicted of assault with intent to commit sex abuse in 2003; is that right? MURDOCK: Yes, sir.

COURT: And then you were subsequently convicted of failure to comply with the Iowa Sex Offender Registry in 2008, is that right? MURDOCK: Yes, sir.

. . . .

PROSECUTOR: And then I just want to ask Mr. Murdock, just to clarify: Mr. Murdock, you were arrested on November 22, 2016, is that correct? MURDOCK: Yes.

PROSECUTOR: And for at least five days prior to November 22, you had not registered your address; is that true? MURDOCK: Yep.

PROSECUTOR: So five days or more went by without registering an address after you left the Fort? MURDOCK: Yes.

PROSECUTOR: All right.

THE COURT: Okay.

PROSECUTOR: That's all that I have. Thank you.

THE COURT: And you think it's a sufficient factual basis now? PROSECUTOR: Yes.

The Court accepted Murdock's guilty plea, and sentenced him to an indeterminate prison term of five years. Murdock appeals.

## II. Standard of Review

"Our analysis of an ineffective-assistance claim is de novo. To succeed on an ineffective-assistance-of-counsel claim, a defendant must show: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010) (quotations and citations omitted).

### III. Factual Basis

Murdock concedes error was not preserved at the trial court but raises his claim as an ineffective-assistance-of-counsel claim. *See State v. Ortiz*, 789 N.W.2d 761, 764–65 (Iowa 2010) (noting claims of ineffective assistance are the exception to the general error preservation rule). "If trial counsel permits a defendant to plead guilty . . . when there is no factual basis to support the defendant's guilty plea, trial counsel breaches an essential duty." *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). "Prejudice is presumed under these circumstances." *Ortiz*, 789 N.W.2d at 764–65.

When determining if a guilty plea is supported by a factual basis, we examine the entire record before the district court, including the minutes of evidence, the prosecutor's statement, the defendant's statement, and the presentence investigation report, if it was available to the court at the time of the plea. *Rhoades*, 848 N.W.2d at 29. "[T]he record must disclose facts to satisfy all elements of the offense." *Id.* "When analyzing the record, we do not require the record to show the totality of evidence necessary to support a guilty conviction, but only that the record demonstrates the facts to support the elements of the offense." *Id.* (quotation and citation omitted).

Murdock pled guilty to a sex-offender-registration violation, second or subsequent offense. Iowa Code § 692A.104. Section 692A.104 describes the process for registration, including the requirement of notifying the sheriff when there has been a change in residence. *Id.* § 692A.104(2). "Change" means to add, begin, or *terminate*. *Id.* § 692A.101(5) (emphasis added). Murdock disputes whether the record discloses facts to satisfy the elements of section 692A.104. He

claims that while the record is clear that he resided at Fort Des Moines Correctional Facility and subsequently left the facility, the record is not clear that he failed to register within five days of having established, maintained, or changed to another residence. We disagree.

Upon our review of the record, and in conjunction with this chapter's definition for "change," a factual basis exists for Murdock's guilty plea. First, Murdock does not dispute he was required to register his residence due to a previous conviction for a sex offense. Next, Murdock left the Fort Des Moines Correctional Facility and did not notify the sheriff of his departure within five days. Importantly, Murdock was not authorized to leave the facility and he was subsequently placed on "escape" status. Furthermore, the minutes of testimony provide that Murdock indicated he lived on Elm Street at the time of his arrest, rather than on Thayer Street where the correctional facility is located. Based on this evidence, it is clear Murdock intended to terminate his residence at the Fort Des Moines Correctional Facility by leaving when he was not authorized to do so. Therefore, he effectively triggered a "change" in his residence by terminating his residence at the facility and he failed to notify the sheriff for the purposes of satisfying section 692A.104 within five days of such "termination." *See id.* § 692A.101(5).

## IV. Conclusion

Because Murdock terminated his residence at the Fort Des Moines Correctional Facility he was required to notify the sheriff of the change. He failed to do so within five days and there was a sufficient factual basis for his guilty plea.

**AFFIRMED.**