## IN THE COURT OF APPEALS OF IOWA

No. 18-1704
Filed November 6, 2019

**ODELL EVERETT JR.,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

        Odell Everett Jr. appeals from the summary dismissal of his third application for postconviction relief.  **AFFIRMED.**

        Fred Stiefel, Victor, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee State.

        Considered by Potterfield, P.J., and May and Greer, JJ.

**POTTERFIELD, Presiding Judge.**

Odell Everett Jr. appeals from the summary dismissal of his third application for postconviction relief in which he challenges his 2005 conviction for first-degree robbery. At the hearing on the State's motion to dismiss, counsel for Everett argued,

> [E]ven though he's had prior post-conviction relief actions, he has not argued this particular issue under actual innocence or factual innocence which was created under *Schmidt v. State*[, 909 N.W.2d 778 (Iowa 2018)]. So therefore, based on the legal theories and legal promulgations under *Schmidt v. State*, Mr. Everett's claims in this particular case have not been fully adjudicated and should not be found to be time barred as well.
> . . . .
> . . . Mr. Everett is, and evidence that he would present, is that he would be factually innocent of robbery in the first degree because he did not have a weapon and no weapon was found.

The district court dismissed the application pursuant to Iowa Code section 822.6 (2017), which allows the court to

> grant a motion for either party for summary disposition of the application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

The court concluded Everett's reliance on *Schmidt* was "misplaced because there is no allegation of newly discovered evidence upon which any claim of actual innocence could be made,"[1] and that Everett's "claims have been fully adjudicated and are time barred." *See Everett v State*, 789 N.W.2d 151, 160–61

---

[1] In *Schmidt*, our supreme court overruled "our cases that do not allow defendants to attack their pleas based on extrinsic grounds when they claim actual innocence. Therefore, we hold Schmidt's pleas do not preclude his actual-innocence claim merely because he pled guilty to the charges." 909 N.W.2d at 790. The court proceeded to address Schmidt's claim as one of newly discovered evidence not available within the three-year limitations period of Iowa Code section 822.3. *See id.* at 798–99.

(Iowa 2010) (discussing the evidence Everett was armed with a dangerous weapon during the robbery).  Finding no error in the district court's conclusions, we affirm the dismissal without further opinion.  Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**