# IN THE COURT OF APPEALS OF IOWA

No. 13-1378
Filed October 15, 2014

**ALVIN JOHN RICHARDSON III,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Rebecca Goodgame

Ebinger, Judge.

Defendant appeals from the denial of his application for postconviction

relief. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for

appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney

General, John P. Sarcone, County Attorney, and Joseph D. Crisp, Assistant

County Attorney, for appellee State.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**DANILSON, C.J.**

Alvin Richardson III appeals from the district court's denial of his application for postconviction relief (PCR). Because we find counsel did not provide ineffective assistance, we affirm.

**I. Background Facts and Proceedings.**

On January 13, 2011, Richardson was charged by trial information with possession of a controlled substance (marijuana)-third offense, in violation of Iowa Code section 124.401(5) (2009). The trial information also alleged that, due to prior felony convictions, Richardson was subject to the habitual offender enhancement, pursuant to section 902.8.

Richardson subsequently tendered a plea to the drug offense as charged, and his plea was accepted on April 11, 2011. After Richardson's plea was accepted in the drug case, but before sentencing, Richardson was charged in an unrelated trial information with domestic abuse assault enhanced, child endangerment, and assault causing bodily injury. Richardson was appointed a new attorney, who was to represent him in both the domestic violence charges and for sentencing in his drug case.

On May 17, 2011, pursuant to a plea agreement, Richardson pled guilty to the domestic abuse enhanced charge, and the State dismissed the charges for child endangerment and assault causing bodily injury.

On May 23, 2011, the district court held a sentencing hearing in Richardson's drug case. The State advocated for incarceration for an indeterminate time period not to exceed fifteen years with the requirement Richardson serve a minimum of three years, as an habitual offender.

Richardson's attorney advocated for a suspended sentence. Richardson was sentenced to an indeterminate term of incarceration, not to exceed fifteen years.

On May 31, 2011, Richardson was sentenced in the domestic violence case. He was sentenced to an indeterminate term of incarceration not to exceed two years. The sentence was ordered to run concurrently with the sentence from the drug case.

Richardson appealed both convictions and sentences. The Iowa Supreme Court dismissed both appeals as frivolous with procedendo issuing on October 25, 2011, and January 4, 2012.

Richardson filed his application for PCR on June 12, 2012. After an evidentiary hearing, the district court denied Richardson's application, and he appeals.

**II. Standard of Review.**

Generally, we review postconviction proceedings for errors at law. *Castro v. State,* 795 N.W.2d 789, 792 (Iowa 2011). However, applications that raise an ineffective-assistance-of-counsel claim present a constitutional challenge, which we review de novo. *Id.*

**III. Discussion.**

On appeal, as he did at his PCR hearing, Richardson contends trial counsel was ineffective for wrongly advising him he would receive probation at sentencing for his drug case if he pled guilty in his domestic violence case. He maintains he received a longer sentence than he otherwise would have in his

drug case because he took counsel's advice.[1]  Although he filed the application for relief in his drug case, Richardson alleges the "collateral consequence of a guilty plea to an unrelated domestic abuse assault case" constituted ineffective assistance of counsel in his drug case.  Richardson relies upon the sentencing court's reference to Richardson having "messed up during the pendency of this matter."  Richardson contends the court's reference during sentencing related to the domestic abuse charge and plea.

To prevail on a claim of ineffective assistance of counsel, the applicant must prove by a preponderance of the evidence (1) the attorney failed to perform an essential duty and (2) prejudice resulted from the failure.  *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011).  To prove that counsel failed to perform an essential duty, he must show "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms."  *See Strickland v. Washington*, 466 U.S. 668, 688 (1984).  The applicant must overcome a strong presumption of counsel's competence.  *Id.* at 689.  To establish prejudice, the applicant must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  The claim fails if either element is lacking.  *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010).

Although the fact findings of the district court are not binding, we give deference to those findings because the district court had the opportunity to

---

[1] The district court found, and the State maintains on appeal, that Richardson should have filed an application for postconviction relief in the case in which the allegedly bad advice was given, not in the case in which the collateral consequences were felt.  For the purpose of this appeal, we assume the case was properly brought, and we decide it on the merits.

assess the credibility of the witnesses. *State v. Shanahan*, 712 N.W.2d 121, 131 (Iowa 2006). Here, the court explicitly found credible the trial attorney's testimony that he "did not tell [the Petitioner] that pleading to the domestic was going to make his situation better for his felony case." The court also noted that Richardson had signed the petition to plead guilty in the domestic case, which states, "There have been no promises or threats to get me to plead guilty," and "I am knowingly and intelligently pleading guilty to the above charge(s) because I am guilty." Our review supports the same conclusion. Accordingly, we need not reach the issue of whether counsel would be ineffective for providing the advice Richardson claims he received.

Because there is credible evidence that trial counsel did not advise Richardson pleading guilty in the domestic violence case would benefit him in his sentencing for the drug case, counsel did not provide ineffective assistance, and we affirm.

**AFFIRMED.**