# IN THE COURT OF APPEALS OF IOWA

No. 14-1212
Filed June 24, 2015

**JAMES EUGENE FAY,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Palo Alto County, David A. Lester, Judge.

Petitioner appeals from the district court's denial of his application for postconviction relief. **AFFIRMED.**

Matthew G. Sease of Kemp & Sease, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Sheryl Soich, Assistant Attorney General, and Lyssa Henderson, County Attorney, for appellee State.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

James Fay appeals from the district court's denial of his application for postconviction relief (PCR). He maintains the district court wrongly denied his application because he established he received ineffective assistance from trial counsel. Specifically, he maintains trial counsel was ineffective for failing to object to testimony regarding a "founded" child abuse report and failing to request a mistrial or curative instruction due to the prejudicial nature of the testimony. Because Fay has not proved trial counsel's representation fell below an objective standard of reasonableness, we affirm the district court's denial of his PCR application.

**I. Background Facts and Proceedings.**

In 2007, Fay's son and daughter began seeing a therapist due to highly sexualized behavior exhibited by Fay's son. The son was four years old, and the daughter was five years old at the time. The therapist reported her observations to the Iowa Department of Human Services (DHS), and an investigation was conducted. DHS ultimately issued a "founded" child abuse report.

On April 14, 2008, Fay was charged with two counts of sexual abuse in the second degree and two counts of incest.

The case proceeded to jury trial in November 2009. At trial, the county attorney made the following statements during his opening statement:

> COUNTY ATTORNEY: This case also runs parallel to a Child in Need of Assistance Petition, Child in Need of Assistance, CINA. CINA takes care of children that are at risk. Child in Need of Assistance is a juvenile case with completely different standards. Preponderance of the evidence is what the standard is to keep children safe in a CINA.

DEFENSE COUNSEL: Judge, I'm going to object to this. This—May we approach?
THE COURT: Yes.
(Off-the-record discussion.)

After the off-the-record discussion, the county attorney continued with his opening statement.

During the trial, DHS child-abuse investigator Kelly McKeever testified about the founded child abuse report filed by DHS. The following exchanges occurred during direct examination by the State:

Q: Did you include that information in your decision to make this a founded child abuse report? A: I did.
DEFENSE COUNSEL: I object—
THE COURT REPORTER: Did you say something?
DEFENSE COUNSEL: I'm going to object to that, Judge. May we approach?
(Off-the-record discussion.)
DEFENSE COUNSEL: Judge, I withdraw my objection at this time.
. . . .
Q: What does it mean to say a child abuse report is founded? A: There's three separate things that can happen with a child abuse report. The first is a not confirmed report which means that there's not enough—not enough information or evidence to state that abuse occurred. We work on what's called a preponderance of the evidence meaning if the scales of justice wiggle ever so much, 51 percent is a preponderance. So if there's 51 percent of the evidence that says abuse—or that abuse did not occur, then you have to not confirm a report meaning there's not enough evidence.
Q: Did you feel you had enough evidence in this particular interview and this particular case to make that determination? A: Yes. So then you turn into what's called a confirmed report of abuse. A confirmed report means 51 percent or more of the evidence indicates that abuse occurred. The difference between confirmed and founded—There's a difference in Iowa where a confirmed report of abuse doesn't go on to the child abuse registry.
DEFENSE COUNSEL: Judge, I'm going to object to this. May we approach?
(Off-the-record discussion.)
. . . .

Q: You are a child abuse investigator, and you produce the report to determine if it's founded, confirmed or denied?

DEFENSE COUNSEL: Object. I'm going to object, Judge.

THE COURT: Sustained.

DEFENSE COUNSEL: Thank you, Your Honor.

Q: I can rephrase that. [Defense counsel] asked you if you closed your case after you conducted your investigation. Do you remember that question? A: I do.

Q: And the answer to that is? A: My case was closed. I submitted my report and things went from there.

Q: And when you say "things went from there," there's a whole other part of DHS that works with the family; do they not? A: Yes. There is ongoing social work—

DEFENSE COUNSEL: Object. It's irrelevant, Judge.

Q: He brought it up.

DEFENSE COUNSEL: I didn't bring it up. We're talking about—

THE COURT: Sustained.

DEFENSE COUNSEL: Thank you, Your Honor.

Q: Are the children safe?

DEFENSE COUNSEL: Object, irrelevant. This is a criminal prosecution for the prosecution of James Fay, and the State has an obligation to bring evidence forward in this case. This is not juvenile court. Object. It's irrelevant.

Q: Response, Your Honor?

THE COURT: All right.

Q: He's implying that Mr. McKeever did not do his job because he closed his case. I need to confirm that there—

THE COURT: I didn't get that inference at all, counsel. Objection is sustained.

DEFENSE COUNSEL: Thank you, Your Honor.

After deliberation, the jury found Fay guilty of each of the charged offenses. In March 2010, Fay was sentenced to two terms of incarceration not to exceed twenty-five years with a mandatory minimum of seventy percent to be served before parole eligibility and two terms of incarceration not to exceed five years. All sentences were ordered to run consecutively.

Fay filed a direct appeal of his convictions. In *State v. Fay*, No. 10-0404, 2011 WL 2556034, at *9, (Iowa Ct. App. Jun. 29, 2011), we affirmed his

convictions and sentence. The issue raised in this proceeding was not raised in the direct appeal.

Fay filed a PCR application on November 22, 2012. On September 20, 2013, he filed a motion to amend his application. The court granted Fay's motion on March 19, 2014, and a hearing on the amended application was held on March 27, 2014. Trial counsel was not called at the PCR hearing. Fay was the only person who testified at the trial. After he was identified, the following exchange is the total of his testimony:

> Q: And in that case did you proceed to trial? A: Yes.
> Q: And during that trial, was there a witness by the name of Kelly McKeever? A: Yeah.
> Q: Who was Kelly McKeever? A: DHS caseworker, I believe.
> Q: And can you describe what his role was what he—if you recall, what he testified to at the trial? A: Yeah. He testified about—oh, how do I put it?
> Q: Was he the person that did the investigation on the underlying DHS case? A: Yeah, yeah.
> Q: And he was the investigator? A: Yeah, yeah.
> Q: Do you recall in his testimony, did he testify at all about the child abuse report that was part of the underlying DHS and child in need of assistance case? A: Yeah.
> Q: And do you recall if he testified whether or not his abuse report was founded? A: I don't believe so.
> Q: If the transcripts stated that he testified that the underlying abuse report from those cases was founded, would you disagree with that? A: Yes.
> Q: What role did his abuse report play in his testimony, if you recall? Let me rephrase that, Jim, so you can—and if you can't hear me or my question, just ask me. When he testified, did he testify about his abuse report? A: Yes.
> Q: And he testified extensively about what his findings in the report were, didn't he? A: Yes, yeah.
> Q: And when he testified that it was a founded report, and you just stated that you disagreed with that, your view is that it shouldn't have been a founded report; is that right? A: Yes.

The district court issued its ruling on June 27, 2014, and denied Fay's application. The court concluded Fay's trial counsel's conduct "was not unreasonable under the circumstances, and did not fall below the standards of a reasonably competent attorney." Fay appeals.

## II. Standard of Review.

We typically review PCR proceedings on error. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). However, when the applicant asserts claims of a constitutional nature, our review is de novo. *Id.* Thus, here we review the applicant's claim of ineffective assistance de novo. *See id.*

## III. Discussion.

Fay maintains he received ineffective assistance because trial counsel failed to object to the admission of testimony regarding a "founded" child abuse report and failed to request a mistrial due to the prejudicial nature of the testimony.

To prevail on a claim of ineffective assistance of counsel, Fay must prove by a preponderance of the evidence (1) the attorney failed to perform an essential duty and (2) prejudice resulted from the failure. *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). To prove counsel failed to perform an essential duty, he must show "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Fay must overcome a strong presumption of counsel's competence. *See id.* at 689. To establish prejudice, he must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*See id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *State v. Ambrose*, 861 N.W.2d 550, 557 (Iowa 2015). We "will not reverse where counsel has made a reasonable decision concerning trial tactics and strategy, even if such judgments ultimately fail." *Brewer v. State*, 444 N.W.2d 77, 83 (Iowa 1989). The claim fails if either element is lacking. *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010).

"Representation is presumed competent and a defendant has the burden to prove by a preponderance of the evidence that counsel was ineffective." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). The record before us shows trial counsel objected each time the county attorney or the witness referenced the founded report. Each time, the court either sustained trial counsel's objection or an off-the-record conversation was held and then the county attorney seemed to change the line of questioning.[1] Because trial counsel was not called to testify at the PCR hearing, we do not know what discussion was held off the record. We also do not know why trial counsel did not request a mistrial or curative instruction. Additionally, Fay maintains counsel should have at least requested a curative jury instruction and asked the court to strike any comments about the founded abuse report. But again, because trial counsel was not called to testify at the PCR hearing, we do not know what strategy counsel employed. A PCR hearing is meant to allow for development of the record and to allow trial counsel to defend against the charge. *See State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). "Even a lawyer is entitled to his day in court, especially when his

---

[1] Fay's reply brief suggests an objection was not made on one occasion when the report was discussed, but we disagree on the state of the record.

professional reputation is impugned." *State v. Bentley*, 757 N.W.2d 257, 264 (Iowa 2008). Here, the record made during the PCR trial failed to develop the record and illuminate upon trial counsel's strategy and the off-the-record discussions. We presume the "attorney performed competently and avoid second-guessing and hindsight." *State v. Brubaker*, 805 N.W.2d. 164, 171 (Iowa 2011). Fay has failed to overcome the presumption of trial counsel's competence. We need not consider whether he suffered prejudice. *See Everett*, 789 N.W.2d at 159. A different result may have been reached if trial counsel had not objected to the improper evidence. *See State v. Huston*, 835 N.W.2d 531, 535–39 (Iowa 2013) (finding no probative value of a founded abuse report in a criminal action).

## IV. Conclusion.

Because Fay has not proved trial counsel's representation fell below an objective standard of reasonableness, we affirm the district court's denial of his application for PCR.

**AFFIRMED.**