**IN THE COURT OF APPEALS OF IOWA**

No. 14-0694
Filed April 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEBBIE ANN BROOM,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark D. Cleve (plea)

and Mark J. Smith (sentencing), Judges.


        Defendant appeals the judgment and sentence entered following her guilty

plea for possession of a controlled substance (cocaine), second offense.

**AFFIRMED.**


        Lauren M. Phelps, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney

General, for appellee.


        Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

Debbie Broom appeals the judgment and sentence entered following her guilty plea for possession of a controlled substance (cocaine), second offense. Broom maintains the district court abused its discretion in sentencing her to 360 days of incarceration. She also maintains the plea procedure was defective because there is no record the court was aware of the plea agreement, and trial counsel was ineffective for failing to file a motion in arrest of judgment to challenge the plea proceeding.

**I. Background Facts and Proceedings**

On September 10, 2013, the State charged Broom by trial information with possession of a controlled substance (crack cocaine), a class "D" felony, in violation of Iowa Code section 124.401(5) (2013). The State also notified Broom that it intended to pursue the habitual offender sentencing enhancement pursuant to sections 902.8 and 902.9.

Broom filed a motion to suppress, which the district court denied. Following the denial of her motion, Broom entered into a plea agreement with the State. As part of the agreement, Broom was to plead guilty to the lesser included offense of possession of cocaine, which was enhanced to an aggravated misdemeanor due to a previous conviction. *See* Iowa Code § 124.401(5). The State was free to make any sentencing recommendations, and the plea was conditioned on the acceptance of the court.

On January 22, 2014, the district court accepted Broom's written guilty plea. The same day, a "memorandum of plea agreement" was filed with the court.

A recorded sentencing hearing took place on April 16, 2014. Broom asked the court to suspend her sentence so she could continue her substance abuse treatment. During the colloquy, the following exchange occurred:

> THE COURT: Well, Ms. Broom, I've looked at your criminal history and also the facts and circumstances surrounding this case. You are a substance abuser and you have a substance abuse problem. You really haven't addressed it. To be honest with you, I'm not impressed—you were arrested for this in August of last year and only started treatment three weeks ago. That, to this Court, is not something to be—that's not impressive. I think you're doing that simply to avoid going to jail and—or prison.
> And the Court, in looking at your criminal history, you've got—this is your 47th conviction. And how old are you?
> THE DEFENDANT: 47.
> THE COURT: That's one a year. That runs the gamut all the way from serious misdemeanors all the way up to felonies. And that's too bad. It appears you've got a lot going for you.
> Other than the fact you've got this substance abuse problem, I think you're one of those individuals that are a substance abuse person first and a criminal later after you abuse drugs and alcohol. It's—but, again, the result's the same. You commit crimes. And it's unfortunate because I think you're wasting your life.
> You are articulate. You seem to be able to express yourself very well, and I see this all the time where people are just wasting their life because they have a substance abuse issue. So what I'm going to do is I'm going to sentence you to 360 days in Scott County Jail and impose a $750 fine, which I'm suspending at this time. Your license to drive a motor vehicle is suspended for a period of 180 days.
> And the reason for that is because I—my job is to protect the community from further criminal acts and you have expressed loudly the fact that despite being [sent] to prison, being on parole and supervision and so forth, that just doesn't work. The only thing I can do is keep you out of circulation for as long as I can, because I think you're going to go back and commit further criminal acts. And again, that's unfortunate. But again, that's not my choice. That's yours.
> . . . .
> Also the Court indicates that the 360 days will be served without good time, given your criminal history.

Broom appeals.

## II. Standard of Review

When reviewing a district court's sentencing decisions, we will not reverse absent either an abuse of discretion or a defect in the sentencing procedure such as the consideration of inappropriate matters. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

We review claims of ineffective assistance of counsel de novo. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We may decide the claim on direct appeal if we determine the record is adequate. *Id.*

## III. Discussion

### A. Sentence Imposed

Broom maintains the district court abused its discretion by sentencing her to 360 days of incarceration. She also maintains the district court failed to consider all of the necessary sentencing factors and ultimately imposed a "sentence that was both unreasonable and contrary to the goals of sentencing."

When the district court imposes a sentence within the statutory limits, the sentence is "cloaked with a strong presumption in its favor." *Formaro*, 638 N.W.2d at 724. Here, the court could have sentenced Bloom to an indeterminate term of incarceration not to exceed two years. *See* Iowa Code § 903.1(2) ("When a person is convicted of an aggravated misdemeanor, and a specific penalty is not provided for, the maximum penalty shall be imprisonment not to exceed two years."). As Broom concedes, the imposed sentence of 360 days "is within the range of consequences allowed."

Although Broom asked the court for a suspended sentence so she could continue the substance abuse treatment program she had recently entered, the

court imposed incarceration because it believed Broom's delayed entrance into treatment was strategic rather than a sincere attempt to get help. The court noted Broom's many past convictions as well as the community's need for protection, especially in light of the fact that supervision and probation had been unsuccessful options in the past. Broom maintains the court abused its discretion because it did not consider her employment circumstances, family circumstances, or substance abuse treatment options on the record. The court is not required to specifically acknowledge each claim of mitigation urged by the defendant. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa 1995). "Furthermore, the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.*

We cannot say the district court abused its discretion in sentencing Broom to 360 days of incarceration.

### B. Plea Agreement

Broom also maintains we should remand for resentencing because the sentencing procedure was defective. She maintains the court accepted her guilty plea without accepting the plea agreement on the record, in violation of Iowa Rule Criminal Procedure 2.10(2).

First, although a claim of sentencing error is not subject to the ordinary rules or errors preservation, *State v. Bruegger*, 773 N.W.2d 862, 871–72 (Iowa 2009), the acceptance of a guilty plea is not a sentencing procedure. "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such a challenge on appeal." Iowa R. Crim. P. 2.24(3)(a). Broom did not file a motion in

arrest of judgment, so we consider her claim through the lens of ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, Broom must prove by a preponderance of the evidence (1) counsel failed to perform an essential duty and (2) prejudice resulted from the failure. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). To establish prejudice, Broom must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See State v. McCoy*, 692 N.W.2d 6, 25 (Iowa 2005). Her claim fails if either element is lacking. *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010).

There is no record of the court accepting the plea agreement, although it did accept the plea to the lesser charge. Broom received the benefit of the agreement, which states Broom will plead guilty to the lesser included offense of possession of a controlled substance as an aggravated misdemeanor rather than the felony that was originally charged and the State "may make any recommendation at the time of sentencing." Broom pled guilty to the lesser included offense, and the court accepted her guilty plea. Broom does not contend she was unaware of the terms of the plea agreement nor does she contend that the terms of the plea agreement were breached. Broom has not established that she was prejudiced by any alleged failures of her trial counsel. Accordingly, her claim of ineffective assistance fails. *See id.*

**AFFIRMED.**