# IN THE COURT OF APPEALS OF IOWA

No. 16-1347
Filed June 7, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**TROY D. LAUGHLIN,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

The defendant appeals his two convictions for assault causing bodily injury following guilty pleas. **AFFIRMED.**

Darrell G. Meyer, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Troy Laughlin entered guilty pleas to two counts of assault causing bodily injury; he was sentenced and now appeals. Laughlin claims trial counsel was ineffective for allowing him to enter guilty pleas when the pleas were not voluntary, knowing, or intelligent. More specifically, he claims he suffers from mental illness and was not given his prescribed medications while he was held in jail; he denies remembering signing the written guilty pleas or being advised of his trial rights, his right to file a motion in arrest of judgment, and his right to be present at sentencing.

We review claims of ineffective assistance de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "To establish his claim of ineffective assistance of counsel, [Laughlin] must demonstrate (1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Laughlin's claim fails if either element is lacking. *See Everett v State*, 789 N.W.2d 151, 159 (Iowa 2010). We resolve claims of ineffective assistance on direct appeal only when the record is adequate to do so. *See State v. Clay*, 824 N.W.2d 488, 500 (Iowa 2012).

In the context of a guilty plea, the defendant has the burden to establish "there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Straw*, 709 N.W.2d at 138. While Laughlin maintains he would not have signed the guilty-plea form if he had been properly medicated, on this record, we cannot evaluate the credibility of his claim. *See id.* at 137 (refusing to adopt a per se rule of prejudice in the context of guilty pleas "because such a rule would force us to

accept conclusory claims of prejudice without the benefit of a true review of the circumstances surrounding the plea"). Thus, we preserve Laughlin's claim for possible future postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("[I]t is for the court to determine whether the record is adequate, and, if so, to resolve the claim. If, however, the court determines the claim cannot be addressed on appeal, the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim.").

We affirm Laughlin's convictions for assault causing bodily injury.

**AFFIRMED.**