# IN THE COURT OF APPEALS OF IOWA

No. 16-1212
Filed June 7, 2017

**DAVID ROY RICKEY SR.,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling, Judge.

David Rickey Sr. appeals the district court's dismissal of his application for postconviction relief. **AFFIRMED.**

Courtney T. Wilson of Hopkins & Huebner, P.C., Davenport, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

David Rickey Sr. appeals the district court's dismissal of his application for postconviction relief (PCR), following his conviction for sexual abuse in the second degree. He argues his PCR counsel rendered ineffective assistance in failing to file a statement of disputed facts and a memorandum of authorities supporting his resistance to the State's motion to dismiss his PCR application. We affirm.

### I.       Background Facts and Proceedings

The specific facts and circumstances surrounding the abuse are set forth in our prior opinion on direct appeal and need not be restated herein. *See State v. Rickey*, No. 14-1206, 2015 WL 9450471, at *1–2 (Iowa Ct. App. Dec. 23, 2015). Our court affirmed Rickey's conviction, concluding trial counsel did not have a duty to object to the admission of evidence of prior bad acts and the district court did not abuse its discretion in denying Rickey's motion for a new trial or in sustaining the State's objection to replaying a recorded police interview of the victim on cross-examination of the victim. *Id.* at *4–6. Our court further determined the record was inadequate to review Rickey's claim that his trial counsel was ineffective in failing to object to the replaying of a controlled call during jury deliberations and preserved the issue for PCR. *Id.* at *4.

On April 11, 2016, Rickey filed a pro se application for PCR. On April 26, Rickey's appointed PCR counsel filed an amended petition, asserting numerous claims of ineffective assistance of counsel as well as other various claims.

On May 3, the State sent interrogatories to Rickey. Rickey responded by filing a pro se motion to dismiss the State's propounded interrogatories, arguing

they were unduly broad and burdensome, and claiming he and his PCR counsel had had insufficient time to review the interrogatories and respond to them. PCR counsel filed a motion for extension of time, which the district court granted.

On July 8, the State filed a motion for summary disposition of the matter pursuant to Iowa Code section 822.6 (2016). PCR counsel resisted the motion "in its entirety" and "request[ed] a trial on all of the merits of [Rickey's] claims and claims preserved by the appellate court." On July 18, the district court entered an order summarily dismissing Rickey's PCR application. Rickey appeals.

## II. Standard of Review

We generally review PCR proceedings for correction of errors at law. *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016). However, when an applicant raises constitutional claims, such as claims of ineffective assistance of counsel, we apply a de novo review. *See id.*; *Bonilla v. State*, 791 N.W.2d 697, 699 (Iowa 2010).

## III. Analysis

On appeal, Rickey complains his PCR counsel rendered ineffective assistance in failing to file a statement of disputed facts and a memorandum of authorities in support of his resistance to the State's motion for summary disposition.

"Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules." *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010). To succeed on a claim of ineffective assistance of counsel, Rickey must show "by a preponderance of the evidence: '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v.*

*Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015) (quoting *State v. Adams*, 810 N.W.2d 365, 372 (Iowa 2012)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to prove either prong is fatal to the claim. *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010). In examining Rickey's claims, we presume PCR counsel performed his or her duties competently. *See Thorndike*, 860 N.W.2d at 320.

Iowa Code section 822.6 provides:

> The court may grant a motion by either party for summary disposition of the application [for PCR], when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Summary disposition of a PCR action under section 822.6 is analogous to summary judgment pursuant to Iowa Rule of Civil Procedure 1.981. *See Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002). "Therefore, the principles underlying summary judgment procedure apply to motions of either party for disposition of an application for postconviction relief without a trial on the merits." *Id.* at 560. Summary disposition "is only proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* "The moving party has the burden of showing the nonexistence of a material fact and the court is to consider all materials available to it in the light most favorable to the party opposing summary judgment." *Id.* "A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts." *Id.*

Rickey contends his PCR counsel was so substandard a structural error occurred; thus, prejudice should be presumed. *See Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011) ("[W]hen a structural error occurs in a proceeding, the underlying criminal proceeding is so unreliable the constitutional or statutory right to counsel entitles the defendant to a new proceeding without the need to show the error actually caused prejudice."). Specifically, he claims he was constructively denied counsel when counsel failed to include a statement of disputed facts and memorandum of authorities in support of his resistance to the State's motion for summary disposition. *See* Iowa R. Civ. P. 1.981(3) (providing a resistance to a motion for summary judgment "shall include a statement of disputed facts, if any, and a memorandum of authorities supporting the resistance").

> Our supreme court addressed structural error in *Lado*:
>
> Structural errors are not merely errors in a legal proceeding, but errors "affecting the framework within which the trial proceeds." We have recognized structural error occurs when: (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.
> Under these circumstances, "[n]o specific showing of prejudice [is] required" as the criminal adversary process itself is "presumptively unreliable."

804 N.W.2d at 252 (alterations in original) (citations and footnote omitted) (finding a presumption of prejudice appropriate when a PCR applicant was constructively without counsel by virtue of his attorney's failure to seek a continuance to prevent dismissal of a PCR action).

Unlike *Lado*, in which counsel took no action at all, Rickey was not completely denied counsel, actually or constructively, at any point in the proceeding. Rickey's PCR counsel filed an amended application for PCR, assisted Rickey in responding to the State's interrogatories, and requested additional time to respond to the State's discovery request. After the State filed a motion to dismiss, Rickey's PCR counsel filed a resistance.

Rickey has not alleged any facts in dispute nor has he identified any legal authority his PCR counsel should have included in support of his resistance. "When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job. The applicant must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (citation omitted). We conclude Rickey's PCR counsel did not commit structural error in failing to submit a statement of disputed facts and a memorandum of authorities in support of his resistance to the State's motion for summary disposition. Furthermore, Rickey has not asserted he was prejudiced by the alleged error of his PCR counsel. *See Strickland*, 466 U.S. at 694; *see also Everett*, 789 N.W.2d at 159.

Accordingly, we affirm the district court's grant of the State's motion for summary disposition and dismissal of Rickey's PCR application.

**AFFIRMED.**