**IN THE COURT OF APPEALS OF IOWA**

No. 16-1536
Filed October 11, 2017

**BRYAN KEITH BEY,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Pottawattamie County, James M.

Richardson, Judge.

        Bryan Bey appeals the order denying his application for postconviction

relief. **AFFIRMED.**

        Drew H. Kouris, Council Bluffs, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee State.

        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Bryan Bey appeals the order denying his application for postconviction relief (PCR). He alleges he received ineffective assistance of standby and PCR counsel. We review ineffective-assistance-of-counsel claims de novo. *See Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010). To succeed, Bey must show counsel failed to perform an essential duty and that he was prejudiced as a result. *See id.*

**I. Background Facts and Proceedings.**

The State charged Bey with kidnapping Tabitha Proplesch. The State Public Defender was initially appointed to represent Bey. An attorney with the Council Bluffs office of the Office of the State Public Defender represented Bey until allowed to withdraw due to a conflict. The court then appointed the Sioux City Office of the State Public Defender to represent Bey and Assistant Public Defender Michael Williams from that office appeared for Bey. Bey filed a motion to disqualify Williams due to a conflict of interest. The district court overruled Bey's motion. Bey then filed a motion to proceed pro se and a motion to dismiss his appointed counsel. At a March 18, 2013 hearing on Bey's motions, Greg Jones, the head of the State Public Defender's Sioux City office, appeared for Bey and represented to the court that he would be handling the case and that Williams would have nothing further to do with the case. In addressing Bey's request to proceed pro se, the court conducted an in-depth colloquy with Bey to secure a waiver of Bey's right to counsel. The court then granted Bey's motion to proceed pro se but appointed Jones to serve as standby counsel. Bey filed a motion to dismiss Jones and requested the court appoint new standby counsel.

After an April 4, 2013 hearing, the court denied Bey's request, "[g]iven the imminent date of trial," and concluded Jones should continue to serve as standby counsel. On April 10, 2013, Bey filed a motion to appoint Jones as "hybrid" counsel. After a hearing, the court overruled the motion.

A jury trial began as scheduled on April 23, 2013. Following the trial, the jury found Bey guilty of first-degree and second-degree kidnapping. The court merged the convictions, entered a judgment of conviction on one count of first-degree kidnapping, and ordered Bey to serve a sentence of life in prison. Bey appealed, contending, in part, that "the district court's colloquy during the hearing in which he waived his right to counsel was constitutionally inadequate and his waiver was not knowing, intelligent, and voluntary." *State v. Bey*, 13-1312, 2014 WL 7343234, at *1-3 (Iowa Ct. App. Dec. 24, 2014). In affirming his conviction on direct appeal, this court concluded Bey executed a valid waiver of his right to counsel. *Id.* at *5. Specifically, we said: "On our review of the evidence, we are satisfied that under the circumstances of this case the court engaged in an adequate discussion with Bey, resulting in a waiver that, while unwise, was nonetheless knowing, intelligent, and voluntary." *Id.* at *3.

In March 2015, Bey filed a pro se PCR application and counsel was appointed to represent Bey in the proceedings. In its answer, the State noted Bey's PCR application "does not contain any allegations and does not call for an answer" and that Bey "has failed to request any relief." Bey never filed an amended PCR application. At the PCR trial, Bey complained that his standby counsel was ineffective, reasserting the same complaints made in his original motion to dismiss standby counsel and as argued at the April 4, 2013 hearing

before the district court—counsel was not always available to meet, counsel mishandled the filing of certain motions, and by serving unfiled motions on the State, counsel breached confidentiality. The PCR court denied Bey's PCR application, finding Bey "has failed to proffer or establish that standby counsel failed to perform an essential duty or that any prejudice resulted" and that, "[n]onetheless, . . . such a claim of ineffective standby counsel is barred or waived when a criminal defendant represents himself." Bey appeals.[1]

## II. Analysis.

Bey appeals the denial of his PCR application. He abandons his arguments made before the PCR court, and now alleges he received ineffective assistance of standby counsel and PCR counsel concerning his waiver of his right to counsel. To the extent this court addressed the adequacy of Bey's waiver of counsel on direct appeal, res judicata bars additional litigation. *See* Iowa Code § 822.8 (2015) (stating that "any ground finally adjudicated . . . in the proceeding that resulted in the conviction . . . may not be the basis for a subsequent application"); *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("A postconviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of

---

[1] Numerous transcript pages appear in the appendix horizontally, not vertically. If this occurred in the foregone days of paper appendices, it was only a simple matter of rotating the appendix ninety degrees in order to read the document. Not so in this electronic age. It is not practical, and in many cases impossible, to rotate a desk computer monitor ninety degrees. So, in order to read the horizontally placed transcript pages, one had to either cock their head ninety degrees or the pages had to be rotated electronically. In the large scheme of things, this was not unduly burdensome, but nevertheless, uncomfortable and tedious. Furthermore, the horizontally-placed pages were not word searchable. It would be of great benefit to the appellate courts if, before clicking on the "send" button, appellate attorneys would just take a look at their intended submissions to ensure they have been scanned properly.

[r]es judicata bars additional litigation on this point." (citation omitted)).   Bey asserts, however, that he is not asking this court to "directly reexamine" the waiver of his right to counsel but is instead asking us to examine the effectiveness of his standby and PCR counsel on the issue of his "mental status *at the time* that he waived his right to be represented."  (Emphasis added.)  It would seem that finding a defendant knowingly, intelligently, and voluntarily made a waiver necessarily encompasses a finding the defendant was competent to do so, for how could a defendant make a knowing, intelligent, and voluntary waiver if the defendant was not competent to do so?   Bey's discrete issue regarding his competency at the time he made the waiver has already been considered and decided by this court when we concluded Bey's waiver of counsel was "knowing, intelligent, and voluntary."  *Bey*, 2014 WL 7343234, at *3. However, statements at the end of Bey's brief intimate a separate issue—that Bey was not competent to represent himself at trial.  Bey says:

> Even more important is what is not known: What did Bey say and do during his jury trial?  It could show he acted appropriately and even made proper objections and legal arguments.  Or, it could show that Bey was irrational, bizarre and paranoid as indicated above.[2]

Bey concedes the claim he now raises on appeal was never argued before the PCR court.  Generally, a claim must be raised below before it may be decided on appeal.  *See Lee v. State,* 844 N.W.2d 668, 676-77 (Iowa 2014).

---

[2] Bey's appellate counsel was apparently laboring without benefit of the criminal trial transcript.  In his brief, Bey asserts PCR counsel "referenced the felony court trial but didn't specify which parts should be made part of this record.  Nor, did he offer the transcript of the Bey trial so that the postconviction trial judge in this court could review it to see if Bey appeared to have the mental capability to present his own defense." However, we note that at the PCR trial, the parties stipulated to the PCR court taking judicial notice of the underlying criminal file.  That file contains the criminal trial transcript and is in the record before us.

However, "[i]neffective-assistance-of-counsel claims are not bound by traditional rules of error preservation." *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016); *see also Dunbar v. State*, 515 N.W.2d 12, 14-15 (Iowa 1994) (recognizing ineffective assistance of PCR counsel constitutes a "sufficient cause" to excuse an applicant's failure to raise an issue in a prior PCR proceeding).

Bey insinuates the present record is inadequate to address his claim.[3] *See State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) ("When a defendant seeks to have an ineffective-assistance claim resolved on direct appeal, the defendant must establish that the record is adequate to allow the appellate court to determine the issue."). We agree the record is inadequate to decide the merits of Bey's claim. At a minimum, there is need for development of the record to allow PCR counsel to defend against the charge. "Even a lawyer is entitled to his day in court, especially when his professional reputation is impugned." *State v. Bentley*, 757 N.W.2d 257, 264 (Iowa 2008). Furthermore, the record lacks any expert testimony regarding Bey's competency. If the record is inadequate to address the claim on direct appeal, we are duty-bound to preserve the claim for a potential PCR proceeding, regardless of our view of the viability of the claim. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (holding if a claim of

---

[3] In his brief, Bey outlines pre-trial evidence he argues shows he "suffered from a mental disease," which mostly consists of statements he made that are alleged to be "bizarre" or conduct that he claims to be "signs of paranoia." However, he concludes his brief by claiming "what is not known"—what he said and did during trial—could be "[e]ven more important" evidence of his mental competency. As we noted in the previous footnote, the criminal trial transcript is a part of the record before us, but we were not inclined to plow through its 1385 pages to do PCR appellate counsel's work for him. Judges are not like pigs, routing for truffles buried in the record. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991); *see also Brown v. Allen*, 344 U.S. 443, 537 (1953) ("He who must search a haystack for a needle is likely to end up with the attitude that the needle is not worth the search.").

ineffective assistance of counsel cannot be addressed on appeal because of an inadequate record, the court must preserve it for PCR proceedings even if it is raised in a general or conclusory manner).

We affirm the order denying Bey's PCR application on the grounds addressed by the PCR court. Because the record is inadequate, we do not render an opinion as to the merits of the claim raised in this appeal, and we preserve Bey's claim of ineffective assistance of PCR counsel for possible future PCR proceedings.

**AFFIRMED.**