# IN THE COURT OF APPEALS OF IOWA

No. 17-1588
Filed October 10, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRYANT KEPHART,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Gregory D. Brandt (guilty plea) and Cynthia M. Moisan (sentencing), District Associate Judges.

Defendant challenges his pleas of guilty to multilple counts of possession of a controlled substance. **AFFIRMED.**

Edward S. Fishman of Nelsen & Feitelson Law Group, PLC, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**McDONALD, Judge.**

Bryant Kephart pleaded guilty to possession of marijuana, methamphetamine, ecstasy, and hydrocodone, all in violation of Iowa Code section 124.401(5) (2017). Kephart did not file a motion in arrest of judgment and proceeded to sentencing. The district court sentenced Kephart to an indeterminate term of incarceration not to exceed eight years. In this appeal, Kephart challenges his convictions, contending his plea was not knowing and lacked a factual basis. Specifically, he contends his guilty pleas were not knowing because his counsel failed to fully explain the meaning of "possession." He contends his pleas lacked a factual basis because the plea record did not establish constructive possession.

As a general rule, a defendant must file a motion in arrest of judgment to challenge the validity of his guilty plea. *See* Iowa R. Crim. P. 2.24(3)(a). A defendant's failure to file a motion in arrest of judgment bars any challenge to his guilty plea. *See* Iowa R. Crim. P. 2.24(3)(a). However, a defendant can indirectly challenge his guilty plea by asserting his counsel provided constitutionally deficient representation in allowing the defendant to enter a defective guilty plea and in failing to file a motion in arrest of judgment to challenge the same. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011).

In this case, the defendant failed to file a motion in arrest of judgment, and he is barred from directly challenging his guilty pleas. He does challenge them indirectly by asserting his claims as claims of ineffective assistance of counsel. This court reviews ineffective-assistance-of-counsel claims de novo. *See Rhoades v. State*, 848 N.W.2d 22, 26 (Iowa 2014); *Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010). "In order to succeed on a claim of ineffective assistance of

counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Counsel failed to perform an essential duty when counsel's performance fell below that of a reasonably competent practitioner. *See Everett*, 789 N.W.2d at 158. In the plea context, prejudice exists when "the guilty plea would not have been entered but for the breach of duty by counsel." *Castro v. State*, 795 N.W.2d 789, 793 (Iowa 2011).

The defendant's claim his plea was not knowing is without merit. First, in the written plea agreement, the defendant stated he understood "the nature of the charge against" him. Second, the defendant admitted this was a second offense. He thus had knowledge from prior cases of the nature of the offense. Third, the name of the offense—possession of a contolled substance—is "sufficiently descriptive of its nature to obviate further explanation." *State v. Victor*, 310 N.W.2d 201, 204 (Iowa 1981). This court reached the same conclusion in the materially indistinguishable case of *State v. Sanders*, No. 16-1281, 2017 WL 4570432, at *1 (Iowa Ct. App. Oct. 11, 2017). In that case, the defendant pleaded guilty to possession of marijuana in violation of Iowa Code section 124.401(5) (2016). *See id.* Sanders claimed his plea was unknowing because he did not understand the nature of his charge. *See id.* This court rejected the claim, stating "[t]he name of the offense is sufficiently descriptive of its nature to obviate further explanation. The elements of the charge here were not complex, and the nature of the offense was apparent from its name." *Id.* at *2. The same reasoning applies here.

The defendant's claim his pleas lacked a factual basis fares no better than his prior claim. This court reviews the record in its entirety when determining

whether there was an adequate factual basis supporting a guilty plea. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). This court may consider the minutes of testimony and "may consider written statements by the defendant if such statements are not conclusory and are not expressed in terms lifted directly from the criminal statute." *State v. Clay*, No. 02-0632, 2002 WL 31314635, at *2 (Iowa Ct. App. Oct. 16, 2002). "Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *Finney*, 834 N.W.2d at 62; *accord State v. VonHofsteder*, No. 17-1136, 2018 WL 1442692, at *3 (Iowa Ct. App. Mar. 21, 2018). The minutes of testimony reflect the drugs were found in the defendant's residence—a suspected drug house—during the execution of a search warrant. Kephart told the officers he had collected methamphetamine and ecstasy from around the house and placed them in a container with the intent to dispose of them (although he could offer no explanation why he had not disposed of them). In addition, in the defendant's written guilty plea he admitted to all of the elements of the offenses. The signed plea states, "I had Marijuana, Methamphetamine, Ecstasy & Hydrocodone in my possession as I knew what all of the substances were and knew they were illegal substances. I have previously been convicted of a possession of controlled substance." The defendant's statement is sufficient to establish a factual basis. *See State v. Pirtle*, No. 14-1677, 2015 WL 6509101, at *1 (Iowa Ct. App. Oct. 28, 2015) (finding adequate factual basis for a guilty plea when defendant "admitted possession of methamphetamine, and he pled guilty"); *State v. Rose*, No. 11-1335, 2012 WL 1623407, at *4 (Iowa Ct. App. May 9, 2012) (finding that there was an adequate factual basis that

defendant possessed precursors when defendant "admitted in the colloquy that he had intended to manufacture methamphetamine"); *Clay,* 2002 WL 31314635, at *2 (finding adequate factual basis when defendant's "statements in his written pleas of guilty were . . . clearly before the court and were properly considered by the court in accepting [defendant]'s plea of guilty").

The appellate record reflects the defendant's guilty pleas were knowingly made and supported by a factual basis. The defendant's counsel had no duty to file a meritless motion in arrest of judgment. *See State v. Carroll*, 767 N.W.2d 638, 645 (Iowa 2009); *State v. Freisinger*, No. 12-0374, 2012 WL 4099115, at *1 (Iowa Ct. App. Sept. 19, 2012). The defendant thus failed to establish his claims of ineffective assistance of counsel. We affirm the defendant's convictions.

**AFFIRMED.**