# IN THE COURT OF APPEALS OF IOWA

No. 21-1610
Filed March 8, 2023

**OLYMPIA RACHELLE COOKS,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Hardin County, Amy M. Moore,

Judge.

     The applicant appeals the denial of her application for post-conviction relief.

**AFFIRMED.**

     Shawn Smith of The Smith Law Firm, PC, Ames, for appellant.

     Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee State.

     Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

A jury convicted Olympia Cooks of one count of threat of terrorism under Iowa Code section 708A.5 (2018) and three counts of harassment in the second degree under section 708.7. Cooks appealed her convictions, which were affirmed after she failed to preserve error on her claims. *State v. Cooks*, No. 19-1601, 2020 WL 4201761, at *1 (Iowa Ct. App. July 22, 2020). Turning from that, Cooks then petitioned for postconviction relief (PCR), arguing for relief based on newly discovered evidence and ineffective assistance of counsel. The PCR court rejected these arguments. Cooks now appeals over her ineffective-assistance-of-counsel claim. We affirm, finding Cooks failed to meet her burden to prove ineffective assistance of counsel.

## I. Background Facts and Proceedings.

On May 23, 2018, Cooks, an African American woman, made several calls to her son's school about discipline her son received. Cooks acted hostile and argumentative during these calls, remarking she would come to the school and "blow the fucking place up" and would get her "crew" and "snatch" her son from the school. In response to these threats, school administrators placed the campus on lockdown for the day.

As a result of this incident, Cooks was charged with a threat of terrorism under section 708A.5 and three counts of harassment in the second degree under section 708.7. The matter proceeded to a jury trial on July 16, 2019.

On the day of trial, before proceedings started, Cooks's trial counsel objected to the jury pool being "100 percent white," and asserted the general jury management practice led "to an exclusion of African American members of the jury

venire." Cooks's trial counsel did not offer any support for the objection, only stating that he believed the countywide African American population was 0.62% in 2000.[1] The court overruled the objection, finding that Cooks did not meet her burden to prove any alleged underrepresentation or systematic exclusion of members of her race. *See State v. Plain*, 898 N.W.2d 801, 821 (Iowa 2017).

With that pretrial ruling, the case proceeded to trial and the jury convicted Cooks of all four charges. Sentencing occurred two months later. Following an unsuccessful direct appeal, Cooks applied for PCR in January 2021, and the PCR court heard the matter in September 2021. The court issued an order, denying Cooks's petition as to all issues raised. Cooks now appeals that denial.

## II. Standard of Review.

"Generally, an appeal from a denial of an application for [PCR] is reviewed for correction of errors at law." *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018) (citation omitted). But, "[w]hen the applicant's claims are of a constitutional nature, this court engages in a de novo review." *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011).

## III. Discussion.

To show trial counsel was constitutionally deficient in his performance, Cooks must prove both that counsel breached an essential duty and that breach resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "We presume counsel performed competently unless the claimant proves otherwise by a preponderance of the evidence. Counsel's performance is

---

[1] In his defense for the lack of support, defense counsel explained he only learned of the jury pool makeup the day before trial.

measured objectively against the prevailing professional norms after considering all the circumstances." *State v. Booth-Harris*, 942 N.W.2d 562, 577 (Iowa 2020) (internal citation omitted). Establishing prejudice requires Cooks to a show a reasonable probability that but for counsel's unprofessional errors, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element." *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

In this appeal, Cooks alleges that her trial counsel's failure to fully investigate an objection to an all-white jury pool constituted ineffective assistance. To establish a violation of a fair-cross-section requirement of the Sixth Amendment,[2] Cooks had the burden to show:

> (1) a group alleged to have been excluded is a "distinctive" group in the community, (2) the group's representation in jury pools is not "fair and reasonable" when considered against the group's percentage in the community, and (3) the group's underrepresentation "is due to systematic exclusion of the group in the jury-selection process."

*Lilly*, 969 N.W.2d at 797 (citations omitted).

Cooks acknowledges her counsel challenged the jury makeup before trial, but she contends that trial counsel did not fully investigate the issue nor present evidence to support the violation of her constitutional right to a fair trial, which constituted deficient performance. Had counsel fully investigated this issue and if

---

[2] This right protected by the Sixth Amendment of the United States Constitution is also protected by article one, section ten of the Iowa Constitution. We use the same three-part test under both, *see State v. Lilly*, 930 N.W.2d 293, 301 (2019), but the application is slightly different, *State v. Lilly*, 969 N.W.2d 794, 798–99 (Iowa 2022).

the objection were sustained, Cooks argues, a new, fair jury pool would have been selected, which would have protected her Sixth Amendment and her article one, section ten rights.

At the PCR hearing, trial counsel offered that he learned about the all-white jury pool the day before trial and, rather than expending large amounts of time investigating an objection he knew was unlikely to succeed, he focused on preparing for other aspects of trial. But, we do not need to evaluate if his decision to focus on other matters was a reasonable trial strategy as Cooks must also show that strategy prejudiced her to succeed on her claim. *See Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010). Certainly, trial counsel did not develop the requisite elements to challenge the jury on the basis of a fair-cross-section claim, but under this record, Cooks has not shown the challenge would have succeeded. *See State v. Carroll*, 767 N.W.2d 638, 645 (Iowa 2009) ("[C]ounsel has no duty to pursue a meritless issue.").

In the end, Cooks failed to prove prejudice from any alleged error committed by her trial counsel. And, in her appellate brief, Cooks admits that the all-white jury pool may have been fair and reasonable based on the makeup of that community.[3] Additionally, Cooks has not shown that any jury-selection practice caused underrepresentation of a group. Because Cooks still has not established the second or third prong of the fair-cross-section test, she has failed to prove that she was prejudiced by trial counsel's alleged failures in making the fair-cross-

---

[3] Specifically, Cooks states, "Perhaps, if trial counsel had done his due diligence and adequately investigated the population and the practices in Hardin County he would have discovered the all-white jury pool was a fair cross-section of the community."

section challenge. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (explaining that, to show prejudice, the applicant must "identify how competent representation probably would have changed the outcome").

For all of these reasons, we affirm the PCR court on appeal.

**AFFIRMED.**